Diamondstone v. Anagnostopulos, No. 547-10-08 Wmcv (Wesley, J., Aug. 11, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                 **CIVIL DIVISION**
**Windham Unit**                                   **Docket No. 547-10-08 Wmcv**

**Peter Diamondstone**
    **Plaintiff**

    **v.**

**Mark Anagnostopulos**
    **Defendant**

### Order Re:Court's *Sua Sponte* Reconsideration of *In Limine* Motion

On July 18, 2011, this Court issued an order granting Defendant's *in limine* motion to limit the amount of damages that Plaintiff may claim as representative of the reasonable value of medical services rendered to him to the actual amount ultimately collected by the medical providers. However, since the issuance of that decision, the Court has been made aware of a recent opinion by the District Court of Vermont which held otherwise on the same issue. *Melo v. Allstate Ins. Co.*, 2011 WL 3433020, *1 (D.Vt. May 26, 2011) (NO. 2:10-CV-104)(Sessions,J.). Further consideration of the issues presented by the motion *in limine* in light of additional authority on the subject persuades the Court that it erred, and prompts this entry vacating its earlier decision and **DENYING** the motion *in limine*.

In a carefully reasoned opinion, Judge Sessions relied heavily on a 2008 Vermont Supreme Court case which discussed the collateral source rule in detail, *Windsor School Dist. v. State*, 2008 VT 27, 183 Vt. 452 (applying collateral source rule to deny DOC's claim that insurance proceeds paid to Town should be applied as offset to judgment for environmental contamination). Notably, *Windsor School Dist.* favorably cites a 2007 Wisconsin Supreme Court decision addressing the very issue raised here, holding that a strict application of the collateral source rule precludes a defendant from arguing that the actual amount ultimately accepted by a medical provider as payment in full should serve as evidence for the reasonable amount of services rendered. See *id*. at ¶ 35, citing *Leitinger v. Dbart, Inc.*, 2007 WI 84, ¶ 33-34, 736 N.W.2d 1 ("The collateral source rule … aims at deterring a tortfeasor's negligent conduct. Accordingly, it makes the tortfeasor fully responsible for damages caused as a result of tortious conduct. [] [T]he purpose of the collateral source rule is not to provide the injured person with a windfall, but rather to prevent the tortfeasor from escaping liability because a collateral source has compensated the injured person.").

On its facts, *Windsor School Dist.* is distinguishable from the circumstances here; i.e. in that case the issue was whether the relations of the parties, or the nature of the action, ought to preclude the application of the rule so as to account for a full offset for insurance proceeds already paid; here, Defendant acknowledges that the rule applies to preclude mentioning or accounting for amounts actually paid, but seeks exemption for so-called "phantom charges" that were never collected due to waivers or contractual discounts. Furthermore, *Windsor School Dist.*

relies on *Leitinger* for its statement of the general purposes underlying the collateral source rule, and includes no discussion of its facts. Nevertheless, as Judge Sessions concludes:

> There is no reason to suppose that the Vermont Supreme Court was unaware of the broader legal issue in *Leitinger,* when it quoted the Wisconsin Supreme Court's decision in its discussion of the policy goals of the collateral source rule. This Court predicts that, if faced with the issue, the Vermont Supreme Court would align itself with *Leitinger* and the other state high courts, as well as the majority of Vermont trial courts, that have applied the collateral source rule to bar the introduction of evidence of the amount paid by a health insurance company to prove the reasonable value of medical services rendered

*Melo ,* 2011 WL 3433020, 4 . This Court cannot reasonably take issue with Judge Sessions' logic or conclusion.

Plaintiff here failed to reference either the *Windsor School District* case, or the *Leitinger* case in his Opposition to Defendant's *in limine* motion (nor did the Court examine those existing authorities in its opinion).[1]  Nevertheless, after considering the thorough analysis undertaken by the District Court in *Melo*, the Court takes the uncommon action of reversing its earlier decision, *sua sponte*.  Accordingly, Defendant may not introduce evidence at trial as to the actual amounts collected by the medical providers as payment in full, as such evidence would violate the collateral source rule and its corollary policy goal of deterring wrongdoing.  *Windsor School Dist*, 2008 VT 27, ¶35.  Conversely, Plaintiff may offer evidence of the amounts medical providers billed him as probative of the reasonable value of the services given to him.

However, since it is still the province of the jury to determine the reasonable value of medical care, Defendant may still introduce any relevant evidence of the reasonable value of medical services that is not barred by the collateral source rule.  This may include, for example, evidence as to what the provider usually charges for the services provided, or what other providers usually charge.  *Melo*, 2011 WL 3433020 at *4.

## ORDER

The Court **VACATES** its decision issued July 18, 2011, and **DENIES** Defendant's Motion *In Limine* to Limit the Claimed Value of Medical Services.

Dated at Newfane, Vermont this 11th day of August, 2011.

_____
John P. Wesley
Presiding Judge

---

[1] Plaintiff forwarded a copy of *Melo* with a cover letter asking that it be considered in support of the motion then under consideration, and explicitly declining to offer further exposition. By the time the Court became aware of the submission, it had already issued the July 18 opinion. Plaintiff has not sought reconsideration.